AREY, et al, Appellants, v. STEWART et al, Respondents.

(208 N. W. 576.)

(File No. 5976. Opinion filed April 22, 1926.)

Schools and School Districts — Negligence — County Treasurer's Negligence in Not Calling and Paying Outstanding Warrants So Far as Possible Before Suspension of Depositary Held Not Shown.

That warrants outstanding aggregated over $16,000, and there was nearly $8,000 in depositary, held not to show that treasurer was negligent in not calling and paying warrants so far as possible before depositary suspended, in absence of showing that any warrants were presented or registered or that portion of deposit not payable for specific purposes was in treasurer's hands long enough before depositary closed to charge him with negligence.

Note.—See, Headnote, American Key-Numbered Digest, Schools and school districts, Key-No. 63(3), 35 Cyc. 915.

Appeal from Circuit Court, Tripp County; Hon. N. D. Burch, Judge.

Action by Sam Arey and another, as taxpayers of Roseland School District, No. 3, in Tripp County, for and on behalf of such district, against Ira O. Sewart and others. From a judgment for defendants, and an order denying a new trial, plaintiffs appeal. Affirmed.

P. A. Hosford, of Winner, for Appellants.

Brown & Brown, of Chamberlain, for Respondents.

GATES, P. J. This action was brought by taxpayers of Roseland school district of Tripp county on behalf of the district to recover from the school treasurer and his bondsmen the sum of $7,691.65 belonging to said school district, which sum was on deposit in the Hamill State Bank when it suspended on May 22, 1924. Findings of fact, conclusions of law, and judgment were entered in favor of defendants. Plaintiffs appeal from the judgment and order denying new trial.

In its essential parts, this action was similar to that of Edgerton Ind. Con. School Dist. v. Volz, 50 S. D. —, 208 N. W. 576, and thus far must be governed thereby.

There is an additional contention urged by appellants in this case that was absent from the Edgerton case. It is claimed that,

because there were warrants outstanding aggregating more than $16,000, and nearly $8,000 in the depositary, the treasurer was negligent in not calling and paying the warrants so far as possible. The record does not show that any of the outstanding warrants had been presented or registered, nor does it show when the money on deposit came into the treasurer's hands. About $2,200 of the deposit was payable for specific purposes only and there is nothing to show that the balance was in the hands of the treasurer long enough before the bank closed so that he should be charged with negligence in not calling for payment outstanding warrants to that amount.

The judgment and order appealed from are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.