INDEPENDENT SCHOOL DIST. OF LAKE ANDES, Respondent, v. SCOTT et al, Appellants.

(212 N. W. 863.)

(File No. 6310.   Opinion filed April 1, 1927)

**Schools and School Districts—Banks and Banking—School District Treasurer and Surety Held Liable for Funds Lost Through Failure of Depository Bank of Which Treasurer Was Cashier (Laws 1921, c. 335).**

Treasurer of independent school district and his surety held liable for school funds lost through failure of bank in which they were deposited, which was designated as one of three depositories for funds of school district by city council, where treasurer, being cashier of bank, and knowing its failing circumstances, did not act in good faith pursuant to Laws 1921, c. 325.

---

Note.—See, Headnote, American Key-Numbered Digest, Schools and school districts, Key-No. 63(4), 35 Cyc. 915.

As to liability of school officers and their sureties for loss of school moneys, see 24 R .C. L. 598.

Appeal from Circuit Court, Charles Mix County; Hon. A. B. Beck, Judge.

Action by the Independent School District of Lake Andes against D. F. Scott and another. From the judgment for plaintiff, and from an order denying a new trial, defendants appeal. Judgment and order affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.
*Caster & Baker,* of Lake Andes, for Respondent.

POLLEY, J.   Plaintiff brought this action to recover money belonging to the school district. Defendant Scott was treasurer of the district, and defendant surety company was surety on his official bond. When Scott went out of office he failed to turn over to his successor a large sum of money belonging to the district. Findings and judgment were for plaintiff, and defendants appeal.

The uncontroverted facts show that Scott, while treasurer of the school district, was also cashier and managing officer of the County Seat State Bank of Lake Andes; that he kept the funds of the district on deposit in the said bank; that for several months prior to the 26th day of June, 1924, the said bank had been in failing circumstances, if not wholly insolvent; that Scott knew this fact, but that, nevertheless, he continued to deposit the funds of the district in said bank, and made no effort to withdraw said funds from said bank; in fact, kept said funds in said bank for the purpose of bolstering up the bank's dwindling reserve. On the said 26th day of June, 1924, said bank, being unable to meet its obligations, closed its doors, and was turned over to the banking department for liquidation.

It is the contention of appellants that the said bank had been designated by the school board as a depositary of the district funds. This contention is based upon a resolution adopted on the 24th day of April, 1924, by the city council of the city of Lake Andes, designating the Lake Side State Bank, the Valley State Bank, and the County Seat State Bank as depositaries for the funds of the school district, and that, having deposited the funds in one of these designated depositaries, defendants are not liable for the loss occasioned by the failure of the bank. In support of this contention appellants cite and rely on what is said by this court in Edgerton Independent Consol. School Dist. v. Volz, 50 S. D. 107, 208 N.W. 576. The two cases are not analogous. In that case the record showed that the treasurer acted in good faith pursuant

to chapter 335, L. 1921, and deposited the funds in a bank within the state of good repute, believed by him and the public generally to be solvent and able at all times to meet its obligations. And it was because of these facts that we held he was not liable for the loss.

It is not necessary to determine whether the city council of Lake Andes had authority to designate depositaries of the school money. But conceding it had such authority Scott would not be justified in depositing the money in a bank he knew to be in failing circumstances when he had the choice of two other depositaries not known to be in failing circumstances.

In this case the obligation of defendant required that Scott should—

" * * * faithfully and impartially discharge the duties of said office, and render a true account of all money, credits, accounts, and property of any kind that may come into his hands, as such officer, and pay over and deliver the same according to law."

In depositing the funds in a bank he knew to be in failing circumstances and in continuing the deposit, Scott violated this covenant in the bond. He did not act in good faith. He was wholly negligent of the interest of the school district, so negligent, indeed, as to amount to a fraud on the district. Good faith on the part of Scott would have prompted him to have withdrawn the funds of the school district from the County Seat State Bank when he learned it was in failing circumstances and deposit them in one of the other designated depositaries. Because of the bad faith and fraudulent conduct on the part of Scott, and upon the authority of the Edgerton Case above cited, he and his surety should be required to make good the loss occasioned by such misconduct.

The judgment and order appealed from are affirmed.

CAMPBELL, P. J., and BURCH, J., concurring.

GATES and SHERWOOD, JJ., not sitting.