EDGEMONT INDEPENDENT SCHOOL DIST. NO. 27, of FALL RIVER COUNTY, Respondent, v. WICKSTROM, et al, Appellants.

(223 N. W. 948.)

(File No. 6719. Opinion filed March 2, 1929.)

*Bailey & Voorhees* and *Ray F. Bruce,* all of Sioux Falls, for Defendant and Appellant Republic Casualty Co.

*A. R. Nequette,* of Edgemont, and *H. M. Lewis,* of Hot Springs, for Respondent.

MORIARTY, C.   The plaintiff school district brought this action to recover for funds lost through the insolvency of a bank in which the funds were deposited.

The defendant Wickstrom was the district treasurer who kept the funds on deposit in said bank, and the defendant Republic Casualty Company is sued as liable upon a bond issued by it and conditioned: "That if the above bounden John B. Wickstrom shall faithfully and truly perform all the duties of his office and shall pay over and account for all funds coming into his hands by virtue of his said office as treasurer of Edgemont Independent School District Number 27, from October 25, 1921, to June 30, 1924, as required by law, then this obligation to be void; otherwise to remain in full force and virtue."

The trial resulted in a verdict against Wickstrom in the sum of $15,498.54 and against the casualty company in the sum of

$10,000, this latter sum being the amount of the maximum liability on the bond.

From the judgment entered upon this verdict, and from an order denying a new trial, the Republic Casualty Company alone appeals.

While appellant's brief presents 29 assignments of error, the real questions which we deem entitled to consideration in this case are comparatively few. These questions arise out of the following facts:

At the time Wickstrom accepted the office of treasurer, he was assistant cashier of the Bank of Edgemont, and in September, 1923, he was promoted to the position of cashier of said bank. This bank passed into the hands of the superintendent of banks, as insolvent, on November 26, 1923. During all the time that he held these positions in the bank, Wickstrom had notice and actual knowledge of the condition of the bank, in so far as its bills payable, cashier's checks outstanding, and cash reserve were concerned.

At the date when the bond sued upon was issued, Wickstrom was the local representative of the Republic Casualty Company. He secured the issuance of the bond, collected from the district the premium therefor, and remitted it to the casualty company. But, instead of delivering the bond to the clerk of the board of education, as is contemplated by law, he mailed it directly to the county auditor.

The records of the bank, as admitted in evidence, show that on June 26, 1923, the Bank of Edgemont had a cash reserve of 23½ per cent. After that date the cash reserve diminished to such extent that on July 7, 1923, it was only 11½ per cent, on November 13, 1923, only 3 per cent, and on November 24, 1923, only three-fourths of 1 per cent. For a good part of this period the entire cash reserve of the bank was less than the amount due the plaintiff school district on its deposits and less than 10 per cent of the bills payable and cashier's checks outstanding. No depositary was ever designated by the board of education.

While appellant's counsel contend that the trial court erred in many of its rulings upon the admissibility of evidence and in the giving and refusing of instructions, these contentions are entirely dependent upon the single question whether the trial court adopted the proper theory as to the appellant's liability.

Appellant's counsel contend that the bond sued upon never became effective because it was never delivered to, or accepted by, the plaintiff district.

The statute involved in this question (section 7565, R. C. 1919) provides that the treasurer shall execute a bond in such sum as the board may require, with sureties to be approved by the board, and that this bond shall be recorded at length by the clerk and by him filed in the office of the county auditor of the county.

Evidently the provision as to approval of sureties is intended to protect the district from the intrusting of its funds to a treasurer who fails to give a bond satisfactory to the board. It is a provision of little importance where the surety is a corporation which has qualified to issue such bonds.

The provision for the recording of the bond by the district clerk has no apparent purpose except to furnish additional proof of the issuance and provisions of the bond.

Both of these provisions are for the benefit and protection of the district, and a surety company which has issued, for a monetary consideration, a bond of this character, cannot be heard to say that it is released from liability by a failure to observe these directions. And this is particularly true in this case, where the agent of the surety company filed the bond with the county auditor without first delivering it to the clerk.

The bond is a contract made binding upon the surety by the acceptance of the premium, and the payment of that premium by the district was sufficient acceptance on its part.

A further contention is that the conditions shown by the record do not make Wickstrom liable for the district funds lost through the failure of the bank.

The law of this state upon that proposition has been quite definitely settled by the decisions of this court. Edgerton School District v. Volz, 50 S. D. 107, 208 N. W. 576; Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863; Onida Independent School District v. Groth, 53 S. D. 458, 221 N. W. 49; and City of Wessington Springs v. Smith et al (S. D.) 223 N. W. 723, in which the opinion has been handed down, but is not yet [officially] published. This last mentioned case distinguishes clearly between the rule applied in the Volz Case, supra, and that to be applied where there are facts charging the custodian of public funds with

want of good faith or of diligence in performing the duties of his trust.

When Wickstrom acquired knowledge of the extreme depletion of the cash reserve of the bank in which he was employed, it became his duty as the official custodian of public funds to do what could be done to protect those funds from loss. As stated in Independent School District v. Scott, supra: "Good faith * * * would have prompted him to have withdrawn the funds of the school district from the * * * bank when he learned it was in failing circumstances."

But counsel in the instant case contend that an effort to withdraw the funds after the bank was known to be in failing circumstances would either result in the immediate closing of the bank or in the securing of a preference which would require a repayment of the amount withdrawn. Whatever force this argument might have under a different state of facts is overcome by the fact that on the 15th day of October, 1923, when the cash reserve of the bank was only 6 per cent, Wickstrom deposited over $4,000 of district funds in the bank, knowing that during the month then past the cash reserve had been almost continuously between 3½ and 7 per cent.

Counsel further contend that any claim which the plaintiff district may have had against Wickstrom was fully settled and satisfied by the fact that, after the closing of the bank, Wickstrom presented a report showing the fact that the district funds were in the Bank of Edgemont at the time it was closed, that the board approved the report and paid Wickstrom his annual salary of $120.

It is not disputed that the report in question showed the real receipts and expenditures of district funds and the disposition of the funds not paid out upon warrants. This being true, the report was entitled to be approved as correct. But the acts relied upon as a settlement cannot be given the effect of throwing away the legal right of the district to recover on the bond involved herein.

The assignments as to errors in rulings on evidence and on the giving and refusing of instructions, as previously stated, are all dependent upon appellant's theory of the law as to Wickstrom's liability. We find that the trial court adopted the proper theory in that respect and that there was no error in the rulings complained of.

Finding no reversible error in the record, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.

BROWN, J., absent and not sitting.