BENTON SCHOOL DIST. NO. 26, Respondent, v. WOODARD, et al, Appellants.

(231 N. W. 288.)

(File No. 6843. Opinion filed June 24, 1930.)

*Bruell & Henderson,* of Redfield, and *L. C. VanOrnum,* of Conde, for Appellant.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent.

POLLEY, J. This is an action to recover on a school treasurer's surety bond. Defendant Woodard was treasurer of Benton school district No. 26, with defendants McMillan and Smith sureties on his official bond. Woodard was out of the state when the action was commenced, and the court never acquired jurisdiction over him. McMillan was served with summons in Spink county, but entered no appearance of any kind in the case, so that the action is really against Smith alone.

Woodard qualified as treasurer on the 5th day of June, 1924, and continued in office until the 26th day of November, 1926. Dur-

ing that period of time he deposited a large sum of money in the State Bank of Conde. On the 19th day of June, 1926, and while said sum of money was on deposit in said bank, it suspended business and was turned over to the superintendent of banks for the purpose of reorganization. Because of the closing of said bank, Woodard was unable to repay to the school district the money that had come into his hands as school treasurer, and this action was brought to recover such money on his official bond.

During all the time that Woodard was treasurer of the school district he was also a director, vice president, and one of the active manageing officers of the said bank; and defendant Smith was the president.

Among the assets of the school district in the hands of Woodard when he resigned as treasurer of the board were two certificates of deposit issued by the Conde bank. These with the other assets of the district were turned over to, and receipted for, by his successor in office. It is not claimed or shown that any of the school district's money was misappropriated by Woodard, but the loss was occasioned by the closing of the bank.

The Conde bank had never been designated by the school district as a depository of its funds. This made it incumbent upon the treasurer to select a depository for the funds of the district. He was obliged by statute (chapter 335, Laws 1921), to deposit the funds in a bank within the state, and, if he acted in good faith in making a selection of a depository, he was not liable for loss of such funds caused by the failure of such depositary bank. Edgerton Independent Consolidated School District v. Volz, 50 S. D. 107, 208 N. W. 576; Arey v. Stewart, 50 S. D. 101, 208 N. W. 576. On the other hand if he selected a depository bank that he knew, or had reason to believe, was insolvent or in failing circumstances, and loss occurred by reason of the insolvency and failure of such bank, he would be liable for such loss.

Defendants contend that the bank was not in failing circumstances, nor that it was insolvent when it suspended business. Much evidence was received by the court for the purpose of showing whether the bank was or was not insolvent, and upon this issue the court made the following findings of fact: "That on the first day of January, 1926, and for a long time prior thereto the said

Conde bank was insolvent and on the 19th day of June, 1926, the officers and directors of said bank closed its doors and turned the bank over to the superintendent of banks of the State of South Dakota for re-organization or liquidation; that attempts were made on the part of the stockholders of said bank to re-organize the same, but that such efforts failed and the superintendent of banks of the State of South Dakota proceeded to liquidate the said bank and wind up its affairs as a banking corporation. * * * That the defendant Wayne Woodard, knew of the insolvency of the said bank prior to the first day of January, 1926, and was himself a borrower from the said bank to the amount of $6,700.00 and that he was insolvent; and that his wife was a borrower from said bank in the sum of $6,700.00 and that she was insolvent."

We believe that these findings are fully sustained by the evidence. Moreover defendants being officers of the bank are charged with knowledge of the condition of the bank. The two certificates of deposit held by Woodard when he resigned as treasurer of the school board had been issued by himself on the first day of January, 1926, at a time when he knew the bank was insolvent and probably could never redeem the same. In view of these facts, Woodard did not act in good faith in keeping the district's money in said bank, and is liable for the loss that was caused by the failure. Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863; Onida School District v. Groth, 53 S. D. 458, 221 N. W. 49; Board of Education v. Whisman, 56 S. D. 472, 229 N. W. 522.

Defendant Woodard contends that, when his successor in office accepted the certificates of deposit, such acceptance constituted payment of the amount represented by such certificates. This contention is utterly without merit. They were certificates issued by a defunct bank and of no value, except such amount as might afterwards be realized from the assets of such bank.

Numerous assignments are predicated upon the ruling of the court in the reception and rejection of evidence. We have examined carefully these assignments but fail to find where appellant has been prejudiced by any of such rulings.

The evidence shows that dividends to the amount of $1,769.93 have been paid to plaintiff to apply on its claim against defendants.

Defendants are entitled to credit for this amount and the amount of further dividends, if any are paid.

The judgment and order appealed from are affirmed.

BROWN, P. J., and SHERWOOD, CAMPBELL, and BURCH, JJ., concur.