MURDO INDEPENDENT SCHOOL DIST., Respondent, v. LITZENBERG, et al, Appellants.

(235 N. W. 606.)

(File No. 6954.   Opinion filed March 10, 1931.)

*Sterling, Clark & Grigsby,* of Redfield, for Appellant.

*F. J. Carpenter* and *M. L. Parish,* both of Murdo, for Respondent.

PER CURIAM. This action was instituted by plaintiff school district against defendant, as treasurer of plaintiff district, and appellant, as surety on defendant's bond as treasurer, to recover of defendant the sum of $9,678.22 and of appellant the sum of $5,000, the maximum penalty of the bond.

The action was tried to the court without a jury, and findings, conclusions, and judgment were in favor of plaintiff against both defendants as prayed. From the judgment against it, and from a denial of its motion for new trial, the surety company has appealed.

Appellant assigns numerous errors, relating principally to the sufficiency of the evidence and to the admissibility of certain evidence introduced by respondent over objection.

We have considered the assignments and the record before us with care, and think no good purpose would be served by an opinion discussing the assignments in detail.

▆▆▆▆ We think some evidence was improperly admitted. However, the case was tried to the court, and the presumption is that testimony improperly admitted was disregarded by the court, and such erroneous admission does not constitute reversible error if there is sufficient properly admissible evidence in the record to support material findings made. Durand v. Preston, 26 S. D. 222, 128 N. W. 129; Sherman v. Harris, 36 S. D. 50, 153 N. W. 925, Ann. Cas. 1917C, 675; State ex rel Smith v. Miers, 49 S. D. 96, 206 N. W. 236; Colomb v. First Nat. Bank, 50 S. D. 69, 208 N. W. 404; Barkley v. Boardman, 53 S. D. 556, 221 N. W. 268; City of Wessington Springs v. Smith, 54 S. D. 515, 223 N. W. 723.

In the instant case, material findings are supported by competent evidence, and the conclusions and judgment thereon find ample justification in the principles established by this court as applicable to similar situations instanced in the cases (among others) of Edgerton, etc., v. Volz, 50 S. D. 107, 208 N. W. 576; Independent Dist. v. Fritcher, 50 S. D. 106, 208 N. W. 580; City of Wessington Springs v. Fidelity & Deposit Co., 50 S. D. 133, 208 N. W. 580; Independent Dist. v. Scott, 51 S. D. 187, 212 N. W. 863; Onida, etc., Dist. v. Groth, 53 S. D. 458, 221 N. W. 49; Independent Dist.

v. Flittie, 54 S. D. 526, 223 N. W. 728; City of Wessington Springs v. Smith, supra; Edgemont, etc., Dist. v. Wickstrom, 54 S. D. 547, 223 N. W. 948; Lane, etc., Dist. v. Endahl, 55 S. D. 73, 224 N. W. 951; Hoffman Estates, 55 S. D. 252, 225 N. W. 717; Board of Education v. Whisman, 56 S. D. 472, 229 N. W. 522; Murdo Township v. Townsend, 56 S. D. 576, 229 N. W. 935; Benton, etc., Dist. v. Woodward, 57 S. D. 114, 231 N. W. 288; Summit, etc., Dist. v. Lien, 57 S. D. 465, 223 N. W. 643; City of Estelline v. Calef, 57 S. D. 592, 234 N. W. 597.

We are therefore of the opinion that any errors apparent on the record before us are without prejudice, and the judgment and order appealed from are affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, WARREN, and ROBERTS, JJ., concur.