SULZBACH et al., Respondents

v.

TOWN OF JEFFERSON, Defendant and
BRUNKEN, Defendant and Appellant

(155 N.W.2d 921)

(File No. 10363.  Opinion filed February 5, 1968)

**Churchill, Sauer, Manolis & Hoyt,** Huron, for defendant and appellant Brunken.

**Donley & Murphy,** Elk Point, for plaintiffs and respondents.

ROBERTS, Judge.

Plaintiffs brought this action against the Town of Jefferson, South Dakota and Loren J. Brunken for the reasonable value of work performed and materials furnished in repairing the town's sanitary sewer system. Trial was before the court without a jury. On the motion of defendant town the action against it was dismissed. The court found that plaintiff was entitled to recover $1,881 with interest from defendant Brunken. Judgment was entered accordingly and this appeal followed.

Defendant has enumerated 24 assignments of error, the substantial portions of which may be grouped into the following contentions: (1) That there is no evidence of an agency relationship between defendant Brunken and the project engineer and the evidence does not support a finding of a mutual understanding and meeting of the minds between the parties; and (2) that evidence beyond the scope of the pleadings was admitted.

In July, 1961, defendant Brunken was awarded a contract by the Town of Jefferson to install a sewer system and treatment facilities. The project was completed in November of that year. Under the terms of the construction contract with the town, defendant agreed to replace faulty construction within one year after the date of acceptance. It appears that because of faulty construction a sewer line became clogged and there existed the need of immediate repairs. The chairman of the town board of trustees contacted Frank Bohac who had been the engineer employed by the board to supervise construction. The testimony of Mr. Bohac to the following effect was undisputed: "I contacted Mr. Brunken at Winner, South Dakota. * * * I told him the sewer was plugged and that * * * I wanted him to come down. I stressed that point that I wanted him to come down and make his own investigation, and Mr. Brunken said he was in the process of moving to a new job, I believe it was at Colome, but he was at Winner at the time * * * and would I contact Sioux City Engineers (plaintiffs) and ask if they would take care of the work for him".

■ It is elementary that mutuality between contracting parties is an essential element of a valid contract. It is not necessary that the parties are conscious of the legal relationship which their words or acts give rise to, but it is essential that the acts manifesting assent shall be done intentionally. Federal Land Bank of Omaha v. Houck, 68 S.D. 449, 4 N.W.2d 213; Mitzel v. Hauck, 78 S.D. 543, 105 N.W.2d 378. Whether there was an agreement was affirmatively determined by the trial court as the trier of fact. The court found that there was an offer or proposal which was relayed by the project engineer to the plaintiffs and that the latter in reliance thereon performed services and furnished materials in making the necessary repairs. As to the necessity of the communication of an acceptance there is a distinction between an offer which calls for a promise and one which calls for the performance of an act. 17 C.J.S. Contracts § 45; 17 Am.Jur.2d, Contracts, § 45. Defendant Brunken authorized communication of his proposal to plaintiffs and there is no contention that the offer was subject to notice of acceptance or other condition precedent. The circumstances and nature of the offer or proposal also indicate that notice of acceptance was not required. The present case is one for application of the rule that where a proposal or offer may be accepted by a specified act the contract becomes effective upon the performance of the act. We cannot say that the findings of the court are without support in the evidence.

■ The admission of testimony beyond the scope of the pleadings does not constitute reversible error if there is sufficient evidence properly admitted to sustain the findings. The complaint states a cause of action on contract for recovery of money and as stated there was sufficient evidence properly before the court to sustain recovery. Where an action is tried to the court the presumption is that testimony improperly admitted is disregarded. Murdo Independent School Dist. No. 32 v. Litzenberg, 58 S.D. 162, 235 N.W. 606; In re Hoisington's Estate, 67 S.D. 280, 291 N.W. 921. We need not consider the competency of the evidence which was introduced over objection.

Judgment affirmed.

All the Judges concur.