INDEPENDENT SCHOOL DIST. OF THE CITY OF
BROOKINGS, Respondent, v. FLITTIE,
et all, Appellant.

(223 N. W. 728.)

(File No. 6724. Opinion filed February 21, 1929.)

*Hall & Eidem,* of Brookings, for Appellant.
*Cheever, Collins & Cheever,* of Brookings, for Respondent.

CAMPBELL, J. Plaintiff instituted this action against the
defendant Flittie and A. Moriarty, as receiver of the Interstate
Surety Company, a corporation, to recover upon money demand.

The complaint alleges the capacity of plaintiff as a public corporation; the election and qualification of defendant Flittie as treasurer of plaintiff; the execution of his official bond as such treasurer by Interstate Surety Company; apt allegations as to the appointment of the defendant Moriarty as receiver of said Interstate Surety Company; filing of a claim with the receiver; leave of court to sue the receiver, etc.; and also alleges a scrivener's error in the bond, and asks the reformation thereof as part of the relief sought.

The condition of the bond in question was as follows: "Now, therefore, if the said G. J. Flittie shall faithfully and impartially discharge the duties of his said office of school district treasurer and render a true account of all money, credits, accounts, and property of any kind that shall come into his hands as such officer, and pay over and deliver the same according to law, then the above obligation to be void; otherwise to remain in full force and virtue."

The complaint further alleges as follows:

"That at all the times herein mentioned and until the 11th day of February, 1924, the said defendant G. J. Flittie was the cashier and managing officer of the Bank of Brookings, a corporation, organized and existing under the banking laws of the state of South Dakota, with its place of business at the city of Brookings, Brookings county, South Dakota, and that the said G. J. Flittie, defendant herein, during the period July 1, 1923, until and including the 11th day of February, 1924, kept the funds of the plaintiff, Independent School District of the City of Brookings, South Dakota, on deposit in the said Bank of Brookings; that for several months prior to the 11th day of February, 1924, the said Bank of Brookings had been in failing circumstances, and during said time was insolvent; that the said defendant, G. J. Flittie, during the times herein mentioned, knew that said bank during said period was in failing circumstances, and was insolvent, but that notwithstanding the condition of said bank and the knowledge of the defendant, G. J. Flittie in reference thereto, he continued to deposit the funds of the plaintiff Independent School District of the City of Brookings, South Dakota, in said bank and made no effort to withdraw said funds from said Bank of Brookings; and plaintiff alleges that it is informed and believes and therefore alleges, that the defendant, G. J. Flittie, during the period from July 1, 1923, and up to and including February 11, 1924, deposited the funds of said district in

said bank, and continued to keep said funds in said Bank of Brookings for the purpose of bolstering up the dwindling reserve of said Bank of Brookings; and that in depositing the funds of the school district in said bank which said defendant, Flittie, knew to be in failing circumstances, and in continuing to make such deposits and in failing and neglecting to withdraw the said funds of the plaintiff school district from said bank during the said period, the defendant, G. J. Flittie, was wholly negligent of the interests of said school district, and did not act in good faith toward such school district, and the plaintiff alleges that on the 11th day of February, 1924, the said Bank of Brookings of which the defendant G. J. Flittie theretofore during the times herein mentioned had been the managing officer and cashier was insolvent and unable to meet its obligations, closed its doors, suspended operation and the liquidation thereof was turned over to and ever since has been and now is in charge of the state banking department of the state of South Dakota for liquidation.

"That at the time the said Bank of Brookings closed and suspended business operations, and was turned over to the state banking department for liquidation, the said defendant, G. J. Flittie, as such treasurer had on deposit in said bank of the funds of the plaintiff school district the sum of $13,371.53, all of which amount had been placed on deposit in said bank by the defendant G. J. Flittie during the preceding few months, and at a time when he had knowledge of the failing and insolvent condition of said bank; that the defendant G. J. Flittie as such treasurer, on the said 11th day of February, 1924, had on deposit in said Bank of Brookings funds belonging to plaintiff school district in the sum of $13,371.53, and that the said G. J. Flittie has ceased to be treasurer of the said plaintiff school district, and has failed to account unto plaintiff for the said sum of $13,371.53, and has wholly failed and neglected to pay over and deliver according to law the sum of $13,371.53, and that no part thereof has been paid, except the sum of $1,337.15, paid by the state banking department of the state of South Dakota on or about January 6, 1926, as a 10 per cent dividend upon the deposits of the funds of the plaintiff school district in the said Bank of Brookings, leaving a balance due and owing from the defendant G. J. Flittie, to the plaintiff, the sum of $12,034.38."

The prayer is for the reformation of the bond in accordance

with the allegations of the complaint and to recover of the defendant Flittie the sum of $12,034.38, with interest, and from the defendant Moriarty, as receiver, the sum of $10,000 (being the maximum penalty of the bond), with interest. To this complaint the defendant Flittie separately demurred, and from an order overruling his demurrer he has appealed.

Appellant argues before us, in support of his demurrer, first, that several causes of action are improperly united in the complaint; and, second, that the complaint does not state facts sufficient to constitute a cause of action. With reference to the ground of demurrer first above mentioned, the theory of appellant is stated in his brief in the following language:

"As against the appellant, the complaint alleges a cause of action for which a body execution might issue in case of recovery of judgment. No such cause of action is alleged against his co-defendant, the surety company. The real basis of the complaint is the failure of the depository bank, and therefore the alleged breach of the bond is not in that there was any misappropriation of the school district's funds by the treasurer nor that he has not accounted for the funds, but it is alleged that he was guilty of negligence, amounting to fraud, in depositing the funds in the bank of which he was cashier, and which is alleged to have been in a failing condition. There is no allegation that the surety company had anything to do with making such deposits or that it had any notice or knowledge of the condition of the depository bank. These causes of action, thus essentially differing in their nature, one in tort and the other on contract, are not separately stated, and the cause of action for negligence and fraud, pleaded against this appellant are not chargeable to the surety which did not in any manner participate therein, according to the allegations of the complaint."

The complaint states but one cause of action, which is founded upon a breach of duty by the treasurer. For breach of his official duty, the treasurer is liable upon common-law principles and under the statute, and the surety is liable by virtue of its contract. The complaint alleges in substance that the treasurer failed "faithfully to discharge the duties of his office," in that he has failed to account to the plaintiff for a sum of money in his hands as treasurer, and has failed and neglected to pay over that money according to law, and that he negligently and wrongfully and in fraud of plain-

tiff, and in breach of his duty, put said money in a bank known to him at the time to be insolvent. We can hardly conceive how a breach of official duty could be more plainly or specifically alleged, and that breach of duty is the cause of action upon which suit is brought.

In support of his contention that the complaint fails to state facts sufficient to constitute a cause of action against him, appellant argues that this court will take judicial notice that the city of Brookings is a city of the second class, and ever since May 3, 1920, has been under the commission form of government; that by virtue of those facts it was the mandatory duty of the board of commissioners of said city of Brookings, during the period of time herein involved, to designate a depository for the funds of the Independent School District of the City of Brookings, pursuant to chapter 272, Laws 1919; that it will be presumed that the city commissioners designated a depository; that it will be further presumed that the appellant, in pursuance of his official duty, deposited the funds in the depository so designated; that it will therefore be presumed that the depository so designated was the Bank of Brookings; that, having thus presumptively deposited the funds in the depository designated by the proper designating authority, the appellant was relieved of all further responsibility by virtue of chapter 335, Laws 1921, and the interpretation thereof by this court in Edgerton, etc., District v. Volz, 50 S. D. 107, 208 N. W. 576.

We find ourselves unable to adopt this theory. We pass the point as to whether the Legislature could constitutionally empower a city commission to designate a depository for the funds of an independent school district, constituting a separate and distinct public corporation. We also pass the question of the sufficiency of the title of chapter 272, Laws 1919, to cover legislation regarding funds of school districts. Assuming the authority of the city commission to make such designation, they would have the power, under chapter 272, Laws 1919, to designate more than one depository. We doubt if it would be presumed that the Bank of Brookings was the only depository so designated. If several depositories were designated, and the treasurer, knowing the approaching insolvency of the Bank of Brookings, deposited therein, when he had the choice of other depositories not known to be in failing circumstances, he would not be protected. Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863.

But, waiving that point, we go further and say we do not think he is protected under the circumstances alleged in the complaint herein, if in fact the board of city commissioners, with full power and authority, had designated the Bank of Brookings as the sole depository for the school funds. In the Edgerton Case, supra, we said: "It is clear, upon principle and authority, that, if the school district had been authorized to designate, and had designated, said bank as the depositary, then the failure of the bank would have relieved the treasurer from liability for the amount on deposit. In many depositary acts in this and other states it is expressly provided that a compliance with the act will relieve the treasurer from such liability, but such express provision is not necessary to accomplish the same result."

We think that is a sound general statement of the law, but, like many other general statements, it is not true in all its broadest implications, without qualification or exception. If the responsibility of designating and continuing a depository is placed upon some one other than the treasurer, and the duty of the treasurer is to deposit in such depository when designated, the treasurer is thereby relieved from the usual duties of care and prudence in the selection, and is relieved from the duty of exercising care and diligence to keep himself informed and advised from time to time, as a prudent man, as to the continued solvency and financial soundness of the depository; but, while a treasurer in this situation is relieved from some obligations of using care and prudence which would otherwise rest upon him, he is not thereby justified in the commission of active fraud. It is probably not the duty of the treasurer, under those circumstances, to concern himself to keep informed as to the solvency and soundness of the depository; but if, as a matter of fact, he does have thoroughly reliable information, by reason of being an active managing officer of the depository or otherwise, that the depository is unsound and in imminent danger of insolvency, it is absurd to say that it does not constitute a breach of official duty for him to keep his information to himself and continue to deposit the moneys intrusted to him as an officer in a depository that he knows is unsound. That some one other than the treasurer is intrusted with the duty of designating a depository certainly does not discharge the treasurer from all obligations of good faith and common honesty in connection with the performance of his trust. While he is not bound under such circumstances to make inquiry,

yet, if reliable information reaches him as to the unsoundness of the depository, it is certainly his duty at least to communicate such information promptly to the designating authority, and to make all reasonable effort to have some other and safer depository designated. If, in the face of such information, the designating authority continues to direct the use of such depository they in turn are guilty of a breach of duty and are responsible therefor. What the duty of the treasurer may then be we need not here conjecture, but it is too clear for argument that mere proper designation by some one other than the treasurer cannot protect a treasurer, who has and conceals actual knowledge of the insolvency of the depository, and thereafter continues to deposit funds therein for the benefit of such depository and himself. To say that such conduct constituted a faithful and impartial discharging of the duties of the office of treasurer is unthinkable.

The order appealed from is affirmed.

MISER, C., sitting in lieu of BROWN, J., absent.

SHERWOOD, P. J., and POLLEY, BURCH, and MISER, JJ., concur.