IN RE HOGNESS GUARDIANSHIP.

HAUGEN, Respondent, v. LIEN, Appellant.

(228 N. W. 379.)

(File No. 6757. Opinion filed December 31, 1929.)

*Sterling, Clark & Grigsby*, of Redfield, for Appellant.

*Waddel & Dougherty*, of Webster, for Respondent.

BROWN, J.  On January 18, 1926, appellant was appointed guardian of the estate of Gustav Hogness, an incompetent.  Among other property which came into the hands of the guardian was a certificate of deposit for $4,500, due March 1, 1926, issued by Summit Bank, of which appellant was cashier, and the entire stock of which was owned by the Lien family.  At the due date of the certificate, $1,500 of the amount was invested in a real estate loan, $100 was placed to the checking account of appellant as guardian, and a new certificate of deposit issued by the bank for $2,900.  About July 1, 1926, Hogness died, and $300 of the $2,900 certificate was placed in the checking account to defray funeral expenses, and a new certificate issued for $2,600, dated March 1, 1926.  The bank suspended business on October 16, 1926, and was taken in charge by the superintendent of banks for the purpose of liquidation.  Appellant filed a claim with the banking department for $2,600 which was allowed and a certificate of indebtedness was issued by the banking department to appellant as guardian.  On filing his account and report as guardian with the county court on March 18, 1927, appellant tendered this certificate of indebtedness in lieu of $2,600 cash, in settlement of the account, which was allowed by the county court, but on appeal to the circuit court was disallowed, and judgment was rendered against appellant for the $2,600 and interest, from which judgment, and an order denying a new trial, this appeal is taken.

In January, 1926, when appellant was appointed guardian, the capital of Summit Bank was $20,000; its surplus $7,500.  At the regular semiannual meeting of the board of directors of the bank on January 12th, notes held by the bank to the amount of $45,515.90 were listed as worthless by the directors, one of whom was appellant.  The examiner who was placed in charge of the bank testified at the trial on September 28, 1927, more than 10

months after his appointment, that he had made a careful investigation of the financial standing of the makers of the notes held by the bank at the time of its suspension, and that in his opinion there was bad paper to the amount of $178,889.24; doubtful paper, $71,722.14; slow paper, $17,528.55; and good paper, $56,487.61. He said that a good deal of the paper that he had classified as bad had been in the bank for a number of years.

Appellant contends that the failure of the bank was due to the failure of crops in the bank territory in the season of 1926, and that he honestly believed that the bank would be able to pull through, and that there was no danger in leaving the trust fund on deposit in his own bank; but we think the entire evidence justifies the opinion of the examiner in charge that, regardless of crop conditions, the bank was unsound during all of the year 1926, and its failure, if not inevitable, was to be expected. We think the finding of the trial court is justified by the evidence that during all the time appellant was guardian of this fund, and keeping it in his own bank, he knew that the bank was in a failing condition, and that he kept the trust fund in the bank for the purpose of bolstering up the bank. It is undisputed that he could have got safe real estate loans as in investment, and, even if we give weight to his own argument that he neded to have some of the fund available for the support of the ward, his duty as trustee required him to keep the fund elsewhere than in his own bank, when he knew that the bank was in a failing condition, and ought to have known that it was likely soon to be taken in charge by the superintendent of banks as insolvent. In the instant case the principal is applicable under which the treasurer defendants were held liable in Independent School District v. Scott, 51 S. D. 187, 212 N. W. 863, Onida Independent School District v. Groth, 53 S. D. 458, 221 N. W. 49, City of Wessington Springs v. Smith (S. D.) 223 N. W. 723, and Independent School District v. Flittie (S. D.) 223 N. W. 728.

We are satisfied that the preponderance of the evidence supports the findings and judgment of the trial court, and the judgment and order denying a new trial are affirmed.

POLLEY, CAMPBELL, and BURCH, JJ., concur.

SHERWOOD, P. J., absent and not participating.