MURDO TOWNSHIP, Respondent, v. TOWNSEND, et al, Appellants.

(229 N. W. 935.)

(File No. 6628. Opinion filed March 21, 1930.)

F. J. *Carpenter,* of Murdo, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

M. L. *Parish,* of Murdo, and M. Q. *Sharpe,* of Kennebec, for Respondent.

CAMPBELL, J.   Plaintiff township instituted this action against the defendant Townsend, treasurer of said township, and the defendant Western Surety Company, the surety on his official bond, to recover the sum of $1,500, which it was alleged that the defendant Townsend had received in his official capacity and had failed to account for, or to pay over, upon due demand, to his successor in office.   Findings, conclusions, and judgment in the court below were in favor of plaintiff and against both defendants for the recovery of the amount asked in the complaint, and defendants have appealed.

Material facts may be briefly recited as follows: Appellant Townsend was elected treasurer of respondent township for the term March 3, 1925, to March 3, 1926, and as such treasurer gave bond executed by appellant Western Surety Company, which bond was accepted and approved by respondent township.   The conditions of said bond were in part as follows (italics ours) :

"The condition of the aforegoing obligation is such, that whereas, the 'Principal' has been duly elected or appointed Treasurer in and for the Murdo Township for the term beginning March 3, 1925, and ending March 3, 1926.

"Now, therefore, if the said 'Principal' shall, during the period beginning March 3, 1925, and ending March 3, 1926, well and faithfully discharge all the duties and trusts imposed upon him by reason of his election or appointment as said Treasurer *except as hereinafter limited,* and honestly account for all monies coming into his hands as said Treasurer according to law, then this obligation

shall be null and void; otherwise, to be and remain in full force and virtue.

"This bond is executed by the 'Surety' upon the following express conditions, which shall be conditions precedent to the right of recovery hereunder: * * *

"Third, That the 'Surety' shall not be liable hereunder for the loss of any public monies or· funds occurring through or resulting from the failure of, or default in payment by, any banks or depositories in which any public monies or funds have been deposited, or may be deposited by, or placed to the credit, or under the control, of the 'Principal,' or for any public monies or funds heretofore or hereafter placed in any banks or depositories of which public monies or funds he is or may be the custodian by virtue of his office, *whether or not such banks or depositories were or may be selected or designated by the 'Principal or by other persons. * * *"*

██ Appellant Townsend, at all times here involved, was president and active managing officer of Murdo State Bank. The electors of the township did not designate any depository for township funds, but on March 31, 1925 (prior to the taking effect of Chapter 292, Laws 1925, amending section 6098, R. C. 1919), the board of supervisors of the township, by resolution passed at a regular meeting, designated Murdo State Bank as depository for the township funds. In any event, the township funds were placed, or kept, or both, by Appellant Townsend in said Murdo State Bank. He paid over to his successor in office on April 8, 1926, the sum of $406.28, being all of the township funds for which he was chargeable at the end of his term as treasurer, excepting the sum of $1,500. For this sum of $1,500 appellant Townsend gave to his successor in office a draft upon a Sioux City bank in equivalent amount, but before the draft could clear, and on April 10, 1926, Murdo State Bank closed its doors and was taken over by the superintendent of banks of the state of South Dakota for liquidation.

The court found, and the evidence supports the finding, that during the entire period in question, from and after March 3, 1925, appellant Townsend well knew that Murdo State Bank was in an extremely dangerous financial condition; had been without funds to make prompt payment of legitimate demands upon it; had failed to remit collections for long periods of time; had been in an ex-

tremely precarious condition; and that appellant Townsend knowingly retained the township money therein to bolster up the bank. There is some controversy in the record as to whether appellant Townsend should have paid out this $1,500 some time considerably prior to April 8, 1926, for the purpose of taking up some outstanding township bonds. So far as he is concerned, we do not deem this point material. Under the circumstances of this case, it does not matter whether or not it was his duty earlier to have withdrawn the money and used it for township purposes. Whether he had occasion to use it, or should have used it, for township purposes or not, he should have withdrawn it from Murdo State Bank, in view of his knowledge of the bank's condition. The fact remains that he did not do so. So far as concerns appellant Townsend, his liability is clear upon the authority of numerous prior decisions of this court. See Independent School District No. 5 of Davis v. Fritcher, 50 S. D. 106, 208 N. W. 580; Independent School District Lake Andes v. Scott, 51 S. D. 187, 212 N. W. 863; Onida Independent School District v. Groth, 53 S. D. 458, 221 N. W. 49; Independent School District of City of Brookings v. Flittie, 54 S. D. 526, 223 N. W. 728; City of Wessington Springs v. Smith, 54 S. D. 515, 223 N. W. 723; Edgemont Independent School District v. Wickstrom, 54 S. D. 547, 223 N. W. 948; Board of Education of Independent School District of City of Huron v. Whisman, 56 S. D. 472, 229 N. W. 522.

Appellant surety company, however, is in quite a different situation. It urges numerous defenses against liability, but our view with reference to one of them precludes the necessity of considering the others. The money in question was in the depository bank. Whether the treasurer should have placed it there or whether the treasurer, in the light of the information he had, should have continued to keep it there is not, we think, material against the surety under the provisions of the bond involved herein. The money in fact was placed in the bank. So long as it was there it was the money of the township. The conclusion seems to us inescapable that, in so far as that money of the township has been lost, such loss has occurred through, or resulted from the failure of, or default in payment by, Murdo State Bank. This was one of the risks from which the surety company specifically exempted itself by the clear and definite terms of its bonding contract. The

township having seen fit to accept and approve the bond in question, containing the conditions therein set out, and particularly those hereinbefore quoted, we do not think the township can hold said surety for the loss of moneys occurring through or resulting from the failure of or default in payment, by depository banks, even though the treasurer himself may be liable by reason of his bad faith or negligence in selecting the depository or continuing the deposit therein. We think the surety company, by the plain conditions of its contract in this case, has definitely and clearly exempted itself from liability for loss thus occurring.

Since the judgment appealed from is in form against the appellants jointly, and cannot conveniently be separated for partial affirmance and partial reversal, the entire judgment appealed from should be, and it is, hereby, reversed, and the cause is remanded with directions to the trial court to enter a new judgment in favor of respondent and against the appellant Townsend, identical in substance, as to those parties, with the judgment appealed from, and a judgment in favor of appellant Western Surety Company, a corporation, and against respondent township for dismissal of the complaint upon the merits, and for costs.

Appellant Western Surety Company may tax costs of appeal against respondent township, and respondent township may tax its costs of appeal against appellant Townsend.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.