SCHROEDER, Appellant, v. TAYLOR, Respondent.

(236 N. W. 365.)

(File No. 7019. Opinion filed April 21, 1931.)

*Frank Vincent,* of Alexandria, for Appellant.
*Danforth & Seacat,* of Alexandria, for Respondent.

CAMPBELL, J. During and prior to the year 1921, appellant Leo Schroeder, in partnership with one Andrew Smith and one Lee Brown, conducted a banking business at Emery, S. D., under the name of Farmers' Bank of Emery; Andrew Smith at all times during and subsequent to the year 1921 being a resident of Iowa.

During the year 1915 one Francis E. Taylor made his will whereby he gave to his four children, including his daughter Vera Taylor, certain real and personal property in equal shares. The will provided, in part: "That the share of my estate which is herein set apart to by two children, Francis E. and Vera, be kept on deposit for them at the Farmers Bank of Emery, S. D., until they arrive at the age of eighteen years, and that the said Farmers Bank of Emery pay on the said share of my estate the rate of

interest a rate of interest paid to all other depositors during the term of said deposits." Andrew Smith was named as executor thereof. Francis Taylor died in the year 1921, and his will was duly admitted to probate in the county court of Hanson county, S. D., and the said Andrew Smith was appointed executor thereof with his partners (appellant Schroeder and Lee Brown) as sureties upon his bond. Thereafter and in October, 1921, appellant Schroeder was appointed guardian of the person and estate of testator's minor daughter, Vera Taylor. In the fall of 1923 the executor Andrew Smith withdrew from the banking partnership and such banking business was thereafter conducted by appellant Schroeder and Lee Brown until April 1, 1924, when it suspended business and was taken over by the superintendent of banks for liquidation. During the period from the death of Francis Taylor in 1921 and the appointment of appellant Schroeder as guardian of Vera Taylor in October, 1921, to and until the closing of the Farmers' Bank of Emery on April 1, 1924, appellant Schroeder was an active managing partner in said bank, fully acquainted at all times with its affairs and condition. During that period also the banking business of the Francis Taylor estate was conducted at the Farmers' Bank of Emery, and appellant Schroeder appears to have acted to a considerable extent in connection with the affairs of the Francis Taylor estate for and in behalf of the executor Andrew Smith, though the record does not indicate just what the scope of his authority in that regard may have been. When the Farmers' Bank of Emery closed for liquidation, there was on deposit therein funds of the Francis Taylor estate in the amount of approximately $13,000, in which appellant's ward Vera Taylor had a one-fourth interest, and of which Vera Taylor was entitled to receive, according to the final decree of distribution in the Francis Taylor estate, the sum of $3,988.53. By reason of the insolvency of said Farmers' Bank of Emery, Vera Taylor received only $1,777.91 thereof, leaving a deficit of $2,210.62.

Appellant Schroeder had full knowledge at all times of the making of deposits of funds of the Francis Taylor estate in the Farmers' Bank of Emery, and in fact personally conducted most of the business connected with the making of said deposits in behalf of the executor Smith. During all of said times the bank, to the knowledge of appellant, was in such condition that it would

have been a breach of trust for appellant, as a fiduciary, to deposit trust moneys therein. In re Hogness' Guardianship, 56 S. D. 286, 228 N. W. 379. In 1928 appellant as guardian of respondent Vera Taylor (who had meantime attained her majority), presented in the court of the guardianship for settlement his final account showing a balance on hand due to his ward of $2,377.25. The ward filed objections to the account. She did not seriously question the account in so far as it showed actual receipts and disbursements of the guardian, but maintained that the guardian was properly chargeable with money which he never actually received, to wit, the share of Vera Taylor in the loss of funds of the Francis Taylor estate by reason of the failure of the Farmers' Bank of Emery, hereinbefore referred to. The county court sustained the position of the ward, and the guardian appealed to the circuit court of Hanson county, S. D., where the matter was tried de novo, and again the contention of the ward was sustained, the judgment of the circuit court being that the guardian was properly chargeable in his accounts, in addition to moneys actually received by him, with the sum of $2,210.62, being the loss suffered by the ward in connection with the insolvency of the Farmers' Bank of Emery. From this judgment and from a denial of his motion for a new trial the guardian has now appealed.

Appellant in his brief states the question presented in the following form: "The entire question in this case, which was brought up, upon the objections to the guardian's final account, is largely a question of law. The ward, Vera Taylor, does not question or assert that there are any errors in the final account of the guardian so far as it goes, or that the account is not just and correct as far as the items therein contained are concerned. It stands admitted that Schroeder has accounted for every cent paid over to him as such guardian, by Andrew Smith, the executor of the Francis E. Taylor estate. The ward's contention being that in addition to the items contained in the guardian's final account, that Mr. Schroeder is chargeable with the ward's share of the money which was lost in the executor's account in the Francis E. Taylor estate, deposited in the Farmers' Bank of Emery, of which the guardian, Mr. Schroeder, was one of the partner owners, and which money would have otherwise come to the ward from said estate, had not the bank suspended business."

■ Upon the final settlement of his accounts a guardian is properly chargeable, not only with his actual receipts, but with money or property lost by reason of his negligence or failure of duty, or which he failed to receive when he might have recovered or received the same by the exercise of reasonable diligence and ordinary prudence. A statement of this general rule may be found in Bancroft Probate Practice, § 1391; 28 C. J. 1231; 12 R. C. L. 1155.

■ Under the circumstances of this case, if the deposits in the Farmers' Bank of Emery had been made by appellant as guardian there is no question but that he would have been personally liable therefor. We think it is not material that at the time the deposits were made the money had not come to the possession of appellant as guardian but was still in the Francis Taylor estate. Taking the view of the situation most favorable to appellant, it must be said that appellant, without protest or objection, permitted Andrew Smith, as executor of the Francis Taylor estate, to deposit estate funds in the bank wherein appellant was a partner (and to that extent the deposit was for the benefit of appellant) at a time and under circumstances when appellant was charged with knowledge that said bank was not a safe depositary for trust funds. Appellant at that time was guardian of the minor child, Vera Taylor. Appellant knew that his ward had a one-fourth interest in such funds. Appellant could have prevented the making of such deposits regardless of whether or not distribution could be made to him as guardian of Vera Taylor prior to her attaining the age of eighteen years, and regardless of the mandate of the will for deposit in the Farmers' Bank of Emery. He not only failed to take any steps to prevent such deposit, but, to some extent at least, he actively participated therein. Even prior to distribution of the Francis Taylor estate appellant's ward had an interest therein and appellant knew it. Under the particular circumstances here presented, it was just as much a breach of appellant's duty to his ward knowingly to stand by and see the executor place funds wherein appellant's ward was interested in an unsafe depositary, as it would be for appellant himself knowingly to deposit funds of his ward in his own hands in an unsafe depositary.

Under all the facts and circumstances appearing in this record, we think the learned trial court properly held that appellant was

chargeable in his accounts as guardian with the loss suffered by his ward by reason of deposit of funds wherein she was interested in the Farmers' Bank of Emery. A careful consideration of all the assignments fails to disclose any prejudicial error, and the judgment and order appealed from are affirmed.

POLLEY, P. J., and ROBERTS, WARREN, and RUDOLPH, JJ., concur.