CITY OF PORTAGEVILLE, RESPONDENT, v. FIDELITY & CASUALTY COM-
PANY OF NEW YORK, APPELLANT.—63 S. W. (2d) 411.

Springfield Court of Appeals, August 19, 1933.

Rehearing denied, October 7, 1933.

*Oliver & Oliver* for appellant.

*O. A. Cook* and *Ward & Reeves* for respondent.

SMITH, J.—This is a suit upon a fidelity bond signed by A. W.
Fields as principal and the Fidelity & Casualty Company of New
York as surety.

(1)

A. W. Fields as Treasurer of the City of Portageville, executed a bond in the sum of $2,000 with the appellant, the Fidelity & Casualty Company of New York, as surety, on July 6, 1931, to cover the term of office of said Treasurer from May 4, 1931, to May 4, 1933. The condition of the bond was as follows:

"Now, therefore, the condition of the foregoing obligation is such that if the principal shall faithfully perform such duties as may be imposed on him by law and shall honestly account for all money that may come into his own hands in his official capacity during the said term, then this obligation shall be void; otherwise it shall remain in force; provided, however, that the surety shall not be liable hereunder for any loss of public money deposited by or in behalf of the principal with any bank, when such loss is occasioned by the failure of such bank faithfully to account for and pay over such money on legal demand; any law, decision or statute to the contrary notwithstanding."

During the period covered by the bond the Treasurer, A. W. Fields, had on deposit to the credit of the City of Portageville in the Portageville Bank, the sum of $3,471.77 at the time the bank closed its doors and was placed in the hands of the Finance Commissioner of the State of Missouri, on January 12, 1932. The deposit was in the name of "A. W. Fields, Treasurer." A. W. Fields at that time was cashier of the Portageville Bank.

At the time of the trial A. W. Fields, as Treasurer, had not turned over these funds to the city, they having been lost, in part at least, by the closing of said bank.

The City of Portageville filed with the Deputy Commissioner of Finance in charge of the liquidation of the Portageville Bank a claim for preferential payment of the $3,471.77 deposit, and said claim was allowed by the Circuit Court of New Madrid County, Missouri, as a general claim only. An appeal was taken by the City of Portageville from that order and judgment of the Circuit Court of New Madrid County, and the case has been disposed of by us in an opinion handed down at this term in a companion case to this, being case No. 5260, City of Portageville, Appellant, v. D. R. Harrison, Commissioner, Respondent, wherein we reversed the judgment of the trial court and directed an entry of judgment allowing the claim in that case as a preferred claim. Attorneys for both sides in this case agree that if our decision in the other case should be for allowing the claim as a preference, then the judgment in this case should be reversed.

We think there is no question but that the provision in the bond in this case, heretofore set out, is a clear and unequivocal provision that the surety company was not to be held liable for loss occasioned

by the failure of a bank. And there is no question but that the loss here was occasioned by the failure of the Portageville Bank.

So far as we are advised, this is the first time this particular question has ever been presented to the Appellate Courts of this State and, therefore, we have no opinion of our own courts to guide us, but we do have opinions of sister states that we think are directly in point, and we have opinions of our own state as well as Federal Courts that are persuasive.

The Supreme Court of South Dakota in passing upon an almost exact provision in surety bonds has held that a surety bond exempting the surety from liability for any loss of public funds because of the failure of the bank in which said funds were deposited is valid. [Murdo Township v. Townsend, 229 N. W. 935; Thunder Hawk School District v. Western Surety Co., 235 N. W. 921.] These two cases are almost exactly on all fours with the case under consideration here, and we see no reason why a similar holding should not be had here. [See also, School District v. Aiton, 271 N. W. 496, a Minnesota Case.]

The language in this bond providing "That the surety shall not be liable hereunder for any loss of public money deposited by or in behalf of the principal with any bank, when such loss is occasioned by the failure of such bank faithfully to account for and pay over such money on legal demand," is so clear and unambiguous that it needs no judicial construction. The Supreme Court of our State, in passing on an opinion written by a member of this court, in the case of State ex rel. Casualty Co. v. Cox, 322 Mo. 38, 43, 14 S. W. (2d) 600, used this language,

"This Court has repeatedly held, that, where the language of an insurance policy is plain and unequivocal, there is no room for construction, and the words employed must be given their usual and natural meaning. [State ex rel. v. Daues, 289 S. W. 957; State ex rel. v. Trimble, 306 Mo. 295, 267 S. W. 876; State ex rel. v. Allen, 249 S. W. 902; State ex rel. v. Ellison, 269 Mo. 410, 190 S. W. 879.] In the case of State ex rel. v. Trimble, 306 Mo. 1. c. 309, supra, this court (en banc) said: "The plain language of this policy and slip is without ambiguity and there is no room for construction. In construing it contrary to that meaning, the Court of Appeals brought its decision into conflict with decisions of this court. Unequivocal language is to be given its plain meaning, though found in an insurance contract. [State ex rel. v. Ellison, 269 Mo. 410; State ex rel. v. Trimble, 297 Mo. 659.] This is the general rule everywhere, as shown by text-books and decisions."

We think surety companies have a right to contract, limiting the risks for which the company shall be liable, and in this instance there is a clearly expressed limitation so plainly written that those

4

who read may see and know. [Bradshaw v. Benevolent Ass'n, 112 Mo. App. 435, 438, 87 S. W. 46; Taylor v. Loyal Protective Ins. Co. (Mo. App.), 194 S. W. 1055; William Olinger v. Mass. Protective Association, 221 Mo. App. 405, 278 S. W. 86; State ex rel. Casualty Co. v. Cox, supra; Kirby v. Fed. Life Ins. Co., 35 Fed. (2d) 127; Commonwealth Casualty Co. v. Aichner, 18 Fed. (2d) 879.]

Our conclusion is that the surety company cannot be held under this bond for the admitted shortage occasioned by the failure of the bank.

We are not holding this bond ineffective in any other respect except as to the loss occasioned by the bank failure, nor should our language in any way be construed as a release of the principal in the bond. The liability of the surety for other losses, if any, and the liability of the principal are not before us for consideration in this case.

It follows that the judgment in this case should be reversed. It is so ordered. *Allen, P. J.,* and *Bailey, J.,* concur.